### CONDICT *v.* COWDREY.

*(Superior Court of New York City, General Term.  July 5, 1892.)*

FACTORS AND BROKERS—ACTION FOR COMMISSIONS—PROVINCE OF JURY.

In an action by a broker to recover his commission for procuring a purchaser of real estate, the question whether or not the transaction between defendant and the alleged purchaser amounted to a sale or an option, and, if a sale, the question of plaintiff's instrumentality in bringing it about, are for the jury.

Appeal from jury term.

Action by Jonathan D. Condict against Jane H. Cowdrey. From a judgment for plaintiff, defendant appeals. Affirmed.

For decision on former appeal by defendant, see 5 N. Y. Supp. 187.

Argued before DUGRO and GILDERSLEEVE, JJ.

*William M. Ivins*, (*W. W. MacFarland*, of counsel,) for appellant. *Cannon & Atwater*, (*Henry G. Atwater*, of counsel,) for respondent.

GILDERSLEEVE, J. This action is brought by plaintiff to recover from defendant commissions alleged to have been earned under a certain agreement between himself and the defendant relating to the sale of lands. The plaintiff is a real-estate broker, and in January, 1887, was introduced to one Samuel A. Dickson, who at that time was agent and attorney in fact of defendant, and represented her in relation to all matters connected with the Kentucky lands, which the plaintiff was employed to sell. At this interview, Mr. Dickson gave Mr. Condict a list of the lands, showing the lands in each county, and the original sources of title. Mr. Condict soon succeeded in interesting in the matter one Jere Baxter, with whom was associated one W. A. Millikin; and the defendant gave Baxter an option on the land to September 10th, at 10 cents an acre, which option was subsequently extended. About this time

the plaintiff asked for an agreement in writing from defendant, and thereupon defendant gave plaintiff a written agreement in the following terms:

"*To Jonathan D. Condict, Esq.*, 145 *Broadway, New York*—SIR: I hereby agree to pay you a commission of ten per cent. on the price I may accept for the 435,000 acres of land in eastern Kentucky, belonging to me, if sold through your agency. I hereby acknowledge your agency in bringing Jere Baxter and his associates to me, whereby a refusal until September 10th was given by me.                     JANE H. COWDREY."

It was claimed in behalf of defendant, upon the trial, that plaintiff was not the moving party in the transactions that took place between the defendant and others, which, plaintiff claimed, were the consummation showing that he had earned his commission. There was some conflict of evidence as to whether Millikin, as well as Baxter, was first introduced to Dickson by plaintiff. On this question the jury, as indicated by their verdict, found in favor of plaintiff's contention. The evidence justifies their finding, and is conclusive upon this question.

The employment of the plaintiff by defendant not being disputed, and assuming that whatever contract was made with Wolffe and Millikin came through the plaintiff's instrumentality, this question remains: Was the latter contract such a one as constituted a fulfillment of plaintiff's contract with defendant, and entitled plaintiff to his commissions? The written evidence of the contract with Wolffe and Millikin, in reference to the Kentucky lands, consists of two papers,—one a receipt, and the other an agreement for a deposit in escrow. Upon a previous trial of this action the court held that all prior negotiations were merged in these two papers; that they established a contract for the sale and purchase of the Kentucky lands; and directed a judgment in favor of the plaintiff, awarding him his commissions. 5 N. Y. Supp. 187. When the case reached the court of appeals, that court held (123 N. Y. 463, 25 N. E. Rep. 946) as follows: "If that construction was correct, the judgment awarded was an inevitable result; but the defendant claims that the writings showed merely an option or privilege, for which the alleged vendees paid the sum of two thousand dollars, and which left them at liberty to purchase or to refuse to purchase, at their own choice and pleasure, and so the minds of the parties never met, and the broker's efforts to effect the sale failed of success." The learned appellate court was in doubt as to what construction should be given these two papers, read together, in the light of such surrounding facts and circumstances as were proved; but it did not hold that the construction given by the learned trial judge was erroneous. Upon the first trial the defendant insisted "that there was an unexpressed condition upon which the writings were delivered;" asked to prove that fact, and so establish what she claimed was the whole and complete contract. In truth, the defendant did introduce evidence, upon the first trial, tending to establish "the unexpressed condition" she claimed existed; but, upon final consideration, this parol evidence was rejected by the court on the ground that the writings were conclusive. The court of appeals held that this ruling was erroneous, and for the error reversed the judgment. The court of appeals say that the rejected evidence of Mr. Dickson, the defendant's agent, if true, would show that what appears upon the face of the papers to have been an agreement of sale is in reality a privilege to purchase at a fixed price, or to refuse to purchase upon the forfeiture of a definite sum; or what seemed to be an agreement of sale was in truth a mere option to purchase. "In other words, there was no absolute contract of sale, but merely an option." The court of appeals further say: "This evidence was contradicted, and so there arose a question of fact for the jury, which should have been submitted to them under proper instructions." No exceptions were taken to the admission or rejection of evidence in the course of the trial, and no exception was taken to the charge of the learned trial judge. The evidence above mentioned, that

had been rejected upon the former trial, was admitted, and upon the question of fact that it raised the jury found adversely to the defendant upon sufficient evidence. We are of the opinion that whether the transaction was or was not a sale was, upon all the evidence, a question for the jury, as was also the question of plaintiff's instrumentality in bringing it about. The jury having found these facts in favor of the plaintiff, he became in law entitled to his commissions. Where a broker employed to effect a sale has found a purchaser willing to take the terms made, and of sufficient responsibility, he has performed his contract, and is entitled to the commissions agreed upon. *Duclos* v. *Cunningham*, 102 N. Y. 678, 6 N. E. Rep. 790; *Sibbald* v. *Iron Co.*, 83 N. Y. 378. We reach the conclusion that the judgment and order should be affirmed, with costs.