(28 Misc. Rep. 494.)

### THOMPSON v. MAYOR, ETC., OF SEA ISLE CITY.

(Supreme Court, Appellate Term.   July 26, 1899.)

BROKER—COMMISSION—CONDITIONAL ACCEPTANCE—WITHDRAWAL.

A broker, who was promised a commission, to be paid on completion of the sale of certain bonds, is not entitled to it where the purchaser whom he furnished withdrew a conditional acceptance of the bonds offered.

Appeal from city court of New York, general term.

Action by Percy Thompson against the mayor and council of Sea Isle City. From a judgment in favor of plaintiff, affirmed by the general term (58 N. Y. Supp. 203), defendant appealed. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Charles De Hart Brower, for appellant.
Kenneson, Crain & Alling, for respondent.

MacLEAN, J. This action was brought by the plaintiff to recover as for broker's commissions. After some negotiations between them, Mr. Ludlam, the mayor of the defendant, on September 26, 1895, wrote to the plaintiff at his office, and on his paper:

"I hereby authorize you to sell $15,000 5% twenty year gold bonds of the borro of Sea Isle, N. J. * * * We offer these bonds at par, and will give you a commission of 10% on the par value, to be paid in cash on completion of the sale of the bonds. * * * It is understood you are to pay E. C. Jones & Co. 5%, as agreed to this day, out of your commission."

On the same day, Jones & Co., at their office, wrote Mr. Ludlam:

"We will give par for $15,000 Sea Isle City 5% twenty year gold bonds. * * * This offer is made on condition that our investigation is satisfactory, and that our attorney approves the legality of the issue, and also that $750 is allowed us by you as expenses for legal examination, etc., in the event of said examination being satisfactory, and our purchasing the bonds. Kindly confirm hereon if accepted."

And thereupon Mr. Ludlam wrote:

"Gentlemen: I accept the above offer."

Whether Jones & Co. made an investigation does not appear. They, however, soon refused to take the bonds, their attorney having made objection to them. This refusal was communicated to the plaintiff, who in turn informed Mr. Ludlam of it; all within a fortnight. This action was commenced by the service of a summons on the fifteenth day after Mr. Ludlam's first letter. The plaintiff claims that he is entitled to his commissions, because he had a purchaser ready, willing, and able to complete the transaction; but he has failed to make out his case, for the evidence adduced, instead of showing a willing purchaser, proves that, one of the conditions of the proposed bargain and sale failing, the transaction never went beyond a conditional offer on the part of such purchaser, and he was at liberty to reject, and did reject, without any liability attaching. The grounds of the objection of the attorney are not disclosed, although they were evidently known to the plaintiff, and therefore it cannot be said that the failure of the transaction was because of any fault of the vendor. The judgment of the general term affirming the judgment of the trial term in favor of the plaintiff should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.

LEVENTRITT, J. (concurring). Following Condit v. Cowdrey, 123 N. Y. 463, 25 N. E. 946; Id., 139 N. Y. 273, 34 N. E. 781, I am of the opinion that the judgment should be reversed because there was no failure on the part of the defendant to abide by the terms of its agreement to sell, but that the negotiations failed because E. C. Jones & Co. availed themselves of the privilege they had reserved to recede from the proposition to purchase upon a specified contingency; i. e. the nonapproval on the part of their attorney.