### McQUILLEN v. CARPENTER.

(Supreme Court, Appellate Division, Second Department. May 29, 1902.)

REAL ESTATE BROKER—COMMISSIONS—PURCHASER'S REFUSAL TO CONSUMMATE SALE—CAUSE—PRINCIPAL'S FAULT—EFFECT ON AGENT'S RIGHTS.

Defendant employed plaintiff to sell her land. Plaintiff found a purchaser able and willing to buy at the price demanded by defendant, but defendant refused to execute the contract of sale without a provision for her to pay a small forfeiture in lieu of delivery of the deed, in the event that she failed to obtain the release of certain mortgages on the land, and on this account the deal was not consummated. In employing plaintiff, defendant had mentioned that she would not sell the land without certain restrictions as to what use would be made of it, and stated that there were other things to be agreed upon, but no suggestion was ever made of the matter which was the sole cause of the purchaser's refusal to execute the contract. *Held*, that plaintiff was entitled to his commissions.

Appeal from municipal court of New York.

Action by James S. McQuillen against Aleda F. Carpenter. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

James F. Horan, for appellant.

George Tiffany, for respondent.

HIRSCHBERG, J. The plaintiff claims commissions on the sale of real estate belonging to the defendant. The negotiations for the sale were made on behalf of the defendant by her husband, acting as her authorized agent. There is no dispute about the main facts, viz., that the plaintiff was duly employed; that he found a customer (a Mr. Mathews) who was able and willing to buy and to pay for the property, in cash, the price ($11,750) which the defendant demanded; and that the parties met at the plaintiff's office for the purpose of executing a contract, but failed to do so because of a requirement on the defendant's part that the contract should contain a provision permitting her to pay a small forfeiture in lieu of the delivery of the deed, should she so elect. While the parties differ as to some matters not material to the determination of the case, in the view I take it seems clear that, upon the evidence of the defendant's husband, the plaintiff is entitled to recover. The negotiations contemplated a sale. Nothing else appears to have been considered or discussed prior to the time when the purchaser was procured by the plaintiff, and the parties met to consummate the transaction. The defendant's husband did, indeed, testify that he told the plaintiff that there would be restrictions; but this the plaintiff denied, asserting that the restrictions were never spoken of until the purchaser and the agent met at his

·office. Taking the version of the transaction, however, as given by the defendant's husband, it is evident that· there was no suggestion or disclosure of the condition which finally avoided the sale. He ·testified in reference to his preliminary conversations with the plaintiff ·that he said:

"I will not sell any of that property to anybody without restrictions. ·I must know what they are going to build. We are not running the risk ·of any flats, or anything of that kind. We would rather not sell the property. It must be restricted, and there are other things that must be agreed ·upon."

When the parties met, the proposed restrictions were discussed, and apparently agreed upon; but the fact was then disclosed, for the ·first time, that the defendant could not and would not agree absolutely to a sale of the property, because there were mortgages upon it in excess of the selling price, and she did not know that she could ·procure releases. Her husband testified as follows:

"Now, I said, when Mr. Mathews arrived: 'There are complications in regard to this that have got to be talked over. There is a mortgage of $16,500 covering this and adjoining property, and there is a second mortgage of $6,000 covering this property adjoining, back interest, back taxes. etc.. that have got to be cleared up, and I don't know that I can get a release from these mortgages, which might be hard. I don't wish to sign a contract unless I cover myself or my wife, and I will put it in the paper so.'"

He further testified:

"I couldn't sign any contract for Mrs. Carpenter, and told him so, distinctly, without there was a forfeit in these on account of my not being able to get these releases."

And again:

"Q. * * * I understand you to say that there were quite a number of mortgages on this property, and you didn't know whether you could get a release, etc. A. Yes, sir. Q. And that was the only reason why you couldn't make a contract, and give title free and clear? A. Yes, sir. Q. That is so? A. Yes, sir."

The case presented is, therefore, one where the owner of real estate, ·who is both unable and unwilling to contract for its sale, employs a broker to effect its sale, and the latter finds a customer at the stipu·lated price. Under such circumstances, the owner cannot escape lia·bility because the purchaser refuses to accept an option, instead of an absolute contract of sale. Had the purchaser refused to buy un·conditionally, the broker employed to sell could not recover his commissions, and the converse must be true where the fault is wholly ·that of the vendor. See Condit v. Cowdrey, 123 N. Y. 463, 25 N. E. 946, and Id., 139 N. Y. 273, 34 N. E. 781. The duty of the ·broker is complete when he finds a purchaser able and willing to purchase upon the seller's terms, wholly irrespective of whether or not a written contract is finally executed. Barnard v. Monnot, *42 N. Y. 203; Brady v. Foster (Sup.) 75 N. Y. Supp. 994. If the defendant was only willing to sell conditionally, or to give an option upon ·the property, good faith required that she should have so notified the ·plaintiff. When, instead of this, she employed him to effect a sale, she rendered herself liable to the payment of his commissions on the ·procuring of a purchaser. In Mooney v. Elder, 56 N. Y. 238, it was

held that plaintiff was entitled to his commission upon the production'
of a purchaser ready and willing to purchase upon defendant's terms,
although defendant was unable or refused to consummate the con-
tract. The fact that the parties herein agreed that the commissions
should not be payable until the deed was delivered is not material.
By refusing to contract to give a deed, the defendant prevented the
sale from being completed, and his liability at once attached. As
was said by Judge Finch in Sibbald v. Iron Co., 83 N. Y. 378, 383,
38 Am. Rep. 441 :

"If the efforts of the broker are rendered a failure by the fault of the
employer; if capriciously he changes his mind after the purchaser, ready
and willing, and consenting to the prescribed terms, is produced; or if the
latter declines to complete the contract because of some defect of title in
the ownership of the seller, some unremoved incumbrance, some defect
which is the fault of the latter,—then the broker does not lose his com- ·
missions. And that upon the familiar principle that no one can avail himself
of the nonperformance of a condition precedent, who has himself occasioned
its nonperformance."

The judgment should be reversed.

Judgment of the municipal court reversed, and new trial ordered; costs to ·
abide the event. All concur.