### JOSEPHSON v. GENS et al.

(Supreme Court, Appellate Term, First Department. May 8, 1913.)

1. PLEDGES (§ 16*)—PAROL EVIDENCE—ABSOLUTE ASSIGNMENT AS SECURITY.

The terms and conditions under which an instrument is delivered may be shown to determine its effect, and that an absolute assignment or conveyance of either real or personal property may be shown to have been delivered merely as collateral security for a debt.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 24–26; Dec. Dig. § 16.*]

2. EVIDENCE (§ 424*)—PAROL EVIDENCE—NATURE OF INSTRUMENT—PRIVITY.

Where, after payment of a check indorsed to plaintiff had been stopped by the maker, the indorser executed an assignment of certain personal property absolute in form to plaintiff, after which he brought suit on the check against the maker and indorsers, and the maker alone defended, parol evidence was admissible, as against the maker, to show that the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

assignment was given as collateral security, and not as payment, since the rule excluding oral evidence to vary the .terms of a written instrument applies only to actions between both parties to the instrument, or their privies, and not where the controversy is between third persons, or one party to the instrument and a third person.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1966–1968; Dec. Dig. § 424.\*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Michael Josephson against Frank Gens, impleaded with Max Bierman and Solomon Jam. From a judgment entered in favor of defendant Gens, on dismissal of the complaint as to him at the close of plaintiff's case, plaintiff appeals. Reversed, and new trial granted.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Adolph Waxenbaum, of New York City, for appellant.

I. Gainsburg, of New York City, for respondent.

PAGE, J. This action is brought to recover upon a check for $200, drawn by the defendant Frank Gens to the order of the defendant Max Bierman, and indorsed by Bierman to Solomon Jam. The check was cashed by the plaintiff for Solomon Jam, and the plaintiff is the holder thereof for value in due course. The defendants Jam and Bierman have both defaulted, and Gens alone defended the suit.

At the trial it was proved by the plaintiff's witnesses that after the plaintiff cashed the check the defendant Gens stopped payment upon it, whereupon the defendant Jam paid $50 to the plaintiff on account, and assigned to him certain chattels and machinery and book accounts connected with his business. The assignment was absolute in form, and mentioned a consideration of $150. The plaintiff then attempted to prove that the assignment of the chattels was made as collateral security only, which evidence was excluded, upon the ground that it varied the terms of a written instrument. At the close of the plaintiff's case the defendant moved to dismiss the complaint, on the ground that it appeared from the plaintiff's own evidence that the check had been paid and settled by Jam by means of the assignment and bill of sale in evidence, which motion was granted.

[1] The learned trial justice committed error in excluding the plaintiff's evidence of the fact that the assignment or bill of sale from Jam was merely as collateral security. It has been a long-recognized exception to the parol evidence rule in this state that the terms and conditions under which an instrument is delivered may be shown for the purpose of determining its effect, and that an assignment or conveyance of either real or personal property absolute on its face may be shown by parol evidence to have been delivered merely as collateral security for a debt. Marsh v. McNair, 99 N. Y. 174, 179, 1 N. E. 660; Thomas v. Scutt, 127 N. Y. 133, 140, 27 N. E. 961.

[2] But there is a still stronger reason why the evidence should

have been admitted, namely, that the rule excluding oral evidence to vary the terms of a written instrument applies only to actions between both parties to the instrument or their privies, and has no application to a case where the controversy is between third parties, or one party to the instrument and a third party. McMaster v. Pres., etc., of Ins. Co. of N. Amer., 55 N. Y. 222, 14 Am. Rep. 239; Lowell Mfg. Co. v. Safeguard F. Ins. Co., 88 N. Y. 591; Condit v. Cowdrey, 123 N. Y. 463, 25 N. E. 946; Hankinson v. Vantine, 152 N. Y. 20, 30, 46 N. E. 292.

In the case at bar the only defendant who is contesting the case, Gens, is not a party or a privy to the bill of sale and assignment made by Jam, and as against him the evidence was clearly relevant and admissible. Had this evidence been admitted, the motion to dismiss would have been properly denied.

The judgment must therefore be reversed, and a new motion granted, with costs to appellant to abide the event. All concur.