■ IANNELLI BROS., INC., Respondent, v. ASSUNTA MUSCARELLA, Appellant, et al., Defendant.— Appeal from judgment of the Supreme Court, Westchester County, dated March 24, 1967, dismissed, without costs, insofar as it adjudges the action discontinued as against defendant Amato. Appellant is not aggrieved by that adjudication. Otherwise, judgment modified, on the law and the facts, by (1) reducing the principal award from $3,255 to $3,048, (2) reducing the interest accordingly and (3) adding a provision that the $1,500 heretofore paid into court pursuant to order dated April 13, 1966 shall be credited against the judgment; and, as so modified, affirmed, with costs to respondent. In October, 1961, the plaintiff buyer and the defendant-appellant seller (hereinafter called "defendant") entered into a contract

for the purchase and sale of defendant's farm land in Ulster County. Prior to the adjourned law day, plaintiff's attorney informed defendant's attorney that a surveyor, retained by plaintiff, had been unable to draft an enclosed parcel by relying upon the contract and that a title company had stated that the description of the land to be conveyed was uninsurable because it did not describe an enclosed parcel. Though defendant's attorney, after consultation with the surveyor, agreed that an enclosed parcel was not described in the contract, and though plaintiff's attorney informed defendant's attorney that plaintiff would allow defendant time beyond the adjourned law day in which to deliver a marketable title, defendant refused to extend the time for closing of title beyond the adjourned law day and thus prevented plaintiff from conducting the necessary survey. By agreement between the respective attorneys for plaintiff and defendant, the parties did not meet on the adjourned law day. In our opinion, plaintiff was entitled to the return of its down payment without the making of an obviously futile tender and demand on the adjourned law day. Unquestionably, defendant's title was defective, for her contract and deed contained a land description that failed to describe an enclosed parcel (*Wheeler* v. *Spinola*, 54 N. Y. 377). If we assume that defendant's defective title was curable within a reasonable time, it does not inexorably follow that plaintiff was required to make a tender and demand on the adjourned law day. The reason for a tender and demand is to place the seller in default, giving him a reasonable time to clear his title (*Cohen* v. *Kranz*, 12 N Y 2d 242). In the case at bar, defendant adamantly demanded that plaintiff perform on the adjourned law day, notwithstanding that defendant's title was defective and that plaintiff was willing to adjourn the law day until a survey could be made. Clearly, if defendant's title's defect was curable, defendant, prior to the adjourned law day, had informed plaintiff that defendant would neither make her title right nor allow plaintiff a reasonable time in which to do so. Because the law does not require performance of meaningless acts, a tender and demand by plaintiff on the adjourned law day was unnecessary. However, we think the judgment too large and therefore modify it to reflect, among other things, our conclusion that plaintiff did not prove the net cost of title examination or its payment of the sum of $207 to the title company. With respect to the surveyor's consultation fee, defendant argues that no survey in fact was actually made by the surveyor and, therefore, his fee is not chargeable to defendant. The contract provides that, if the seller is unable to convey title, she will be liable for, among other things, "the net cost of any survey made." The contract also provides that the "reasonable expenses * * * of the survey" shall be a lien upon the premises. In our opinion, the contract must contemplate, in either case, that the seller shall be liable for the cost involved in having a surveyor read the description of the property in the contract, regardless of whether an actual survey followed. We think it unreasonable to say that the parties agreed that, if the contract's description did not describe an enclosed parcel, the buyer should bear the cost of the surveyor's reading though the cause of the buyer's expense lay in the seller's furnishing of a defective description. Christ, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.