■ ILEMAR CORP., Respondent, v HENRY KROCHMAL et al., Appellants.— In an action to recover the down payment made pursuant to a contract for the sale of real property, and to recover certain expenses and fees incurred in connection therewith, defendants appeal (1) from an order of the Supreme Court, Suffolk County, dated June 26, 1974, which, inter alia, (a) granted plaintiff's motion for summary judgment, to the extent of the amount of the down payment, (b) severed the remainder of plaintiff's cause of action and (c) directed an assessment of damages as to that remainder and (2) from a judgment of the same court, entered July 17, 1974, in favor of plaintiff upon the said order. Order and judgment reversed, without costs, and motion denied. The plaintiff buyer and the defendants sellers entered into a contract for the sale of real property in which it was provided that the deed to be tendered by the sellers was to be free of all encumbrances, and that the "seller shall give and the purchaser shall accept a title such as a member of the New York Board of Title Underwriters will approve. and insure." The buyer thereafter engaged the services of a title insurance company. The title company's report to the buyer listed a utility easement as an exception to title. The buyer, noting the exception, refused to close title. In an affirmative defense, the sellers allege that they were at all times ready, willing and able to obtain for the buyer a title insurance policy issued by a member of the New York Board of Underwriters, which policy would approve and insure title without any exceptions. They contend, in reliance upon *Wija Bldg. Corp. v Kay-Wei Bldg. Corp.* (223 App Div 848, affd 249 NY 575), that the buyer's failure to appear at a scheduled closing to establish that it was ready, willing and able to close in accordance with the contract precludes recovery. We are of the view that, under the circumstances, the buyer's motion for summary judgment should have been denied in its entirety. While it is not clear from the record whether the buyer afforded the sellers an opportunity to obtain for it the requisite title policy, and may even have indicated through counsel that such exception would not be an obstacle to closing, the record is equally unclear as to whether the sellers had, prior to the scheduled closing, been in a position to make a bona fide offer to obtain such a policy. In this latter regard, we note that on the subsequent sale of the real property to a third party, an easement was

included as an exception in that third party's title policy by the same title company which the sellers claim would have insured plaintiff without exception. A trial is needed to resolve these conflicting claims. Hopkins, Acting P. J., Martuscello, Munder and Shapiro, JJ., concur.