■ JOHN BORD, SR., et al., Respondents, v MARY BRINDISI et al., Appellants. (Appeal No. 1.)—Judgment unanimously reversed, with costs, and motion denied. Memorandum: In this action to recover plaintiffs' downpayment on a contract to buy real property for the sum of $25,000, on the ground that defendant Mary Brindisi did not have good title to the property, defendant denies such allegation and counterclaims for damages because of plaintiffs' failure to perform the contract. The court granted plaintiffs' motion for summary judgment principally because the supporting papers contained an affidavit by a surveyor that the building which was assumed to be located on the premises was only partially thereon. In response to the motion defendants made general denial of the allegation of defective title, but offered no specific information in respect thereof. They did allege, however, that they tendered a good deed of the property to plaintiffs, that plaintiffs defaulted on the contract before learning of the alleged defect in the title, and that after plaintiffs rejected the deed defendants sold the property to a third party at a loss of $2,000. The contract contained no provision that time was of the essence. Under such circumstances, questions of fact were presented which required denial of the motion for summary judgment. The particulars of the alleged defect in the title do not appear in the record. It could have been that the seller had acquired title to part of the premises by adverse possession or that she could cure the defect simply and within a reasonable time. On this appeal, we must assume that the defect, if it existed, was curable. Where time is not

made of the essence of the contract to convey realty, a buyer cannot object to the title without giving the seller a reasonable opportunity to cure a defect, when found, and he cannot place the seller in default without also making demand for the deed and tendering the purchase price *(Cohen v Kranz,* 12 NY2d 242; *Ballen v Potter,* 251 NY 224; *Higgins v Eagleton,* 155 NY 466; *Ziehen v Smith,* 148 NY 558; *Wija Bldg. Corp. v Kay-Wei Bldg. Corp.,* 223 App Div 848, affd 249 NY 575; *Ilemar Corp. v Krochmal,* 48 AD2d 693). We do not know, and of course do not decide, the particular nature of the defect in this title nor the time required to cure it. We hold only that defendants are entitled to a trial of the issues of fact presented and a determination of whether the failure to complete the contract was the fault of plaintiffs or of defendants. (Appeal from judgment of Herkimer County Court in action to recover deposit on purchase contract.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Witmer, JJ.