■ WALTER J. WILLARD, SR., et al., Respondents, v JAMES MERCER et al., Appellants. (Action No. 1.) PIPER AGENCY, LTD., Respondent, v JAMES MERCER et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendant. WALTER J. WILLARD, SR., et al., Third-Party Defendants-Respondents. (Action No. 2.) — Appeals (1) from a judgment of the Supreme Court in favor of plaintiffs in Action No. 1, entered August 6, 1980 in Saratoga County, upon a decision of the court at a Trial Term (Amyot, J.), without a jury, and (2) from a judgment of said court in favor of the plaintiff and the third-party defendants in Action No. 2, entered August 25, 1980 in Saratoga County, upon a decision of the court at a Trial Term (Amyot, J.), without a jury. On April 15, 1977, the Mercers contracted to sell a parcel of realty in the Town of Clifton Park to the Willards. Piper Agency, Ltd., was the selling broker. The purchasers' surveyor reported a 100-foot discrepancy between the Mercers' deed description and the field survey when he measured the tie distance from a certain monument. Utilizing the erroneous tie point, the structure erected on the property did not appear to be within the described premises. The surveyor found that the discrepancy was curable with corrective deeds. The purchasers' attorney did not give the sellers' attorney the desired description until August 1, 1977, some two months after the closing date specified in the contract. On August 11, 1977, the purchasers' attorney sent a letter to the sellers' attorney canceling the contract and demanding return of the $10,000 down payment, claiming

title was unmarketable. Upon the sellers' failure to refund the down payment, the Willards commenced Action No. 1. The selling broker then commenced Action No. 2 to recover its commission. After a joint nonjury trial, the trial court granted judgment in favor of the Willards in the sum of $15,837 representing the down payment and expenses incurred. In Action No. 2, the court granted judgment in favor of Piper Agency, Ltd., against the Mercers for $5,400 and dismissed the Mercers' third-party complaint against the Willards. The Mercers have appealed from both judgments. The judgment in Action No. 1 in favor of plaintiffs Willard must be reversed. It is well settled that in order to place a vendor of realty under a contract of sale in default for a claimed failure to provide clear title, the purchaser normally must first tender performance himself and demand good title *(Ilemar Corp. v Krochmal,* 44 NY2d 702; *Cohen v Kranz,* 12 NY2d 242). Tender of performance by a purchaser is excused only if the title defect is not curable *(Ilemar Corp. v Krochmal, supra)*. A vendor must be afforded a reasonable opportunity, even beyond the contract specified law day, to make his title good *(Cohen v Kranz,* 12 NY2d 242, 246, *supra; Bord v Brindisi,* 49 AD2d 695). A plaintiff is barred from recovery of his deposit (and damages) from a vendor whose title defects are curable and whose performance was never demanded on the law day *(Cohen v Kranz,* 12 NY2d 242, 246, *supra; Higgins v Eagleton,* 155 NY 466). The contract did not specify time to be of the essence and, in fact, the alleged title defect was not reported to defendants until two months after the proposed closing date. Concededly, the defect was curable (see *Town of Brookhaven v Dinos,* 76 AD2d 555). However, just 10 days after giving defendants an acceptable description for corrective deeds, plaintiffs canceled the contract without providing reasonable opportunity to obtain execution (see *Grace v Nappa,* 46 NY2d 560) or tendering performance themselves *(Bord v Brindisi,* 49 AD2d 695, *supra)*. Such anticipatory breach foreclosed recovery, making consideration of other contentions unnecessary. In Action No. 2, the judgment should be affirmed. Plaintiff Piper Realty, Ltd., produced a ready, willing and able purchaser on defendant's terms, and, accordingly, earned its commission *(Lane — Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36, 42). Failure of the contract attributable to defect in a vendor's title *(O'Hara v Bronx Consumer Ice Co.,* 254 NY 210), or a purchaser's default *(Gilder v Davis,* 137 NY 504), is not chargeable to the broker. Absent contrary agreement, plaintiff has fulfilled the terms of its contract with the Mercers, and was properly awarded judgment. Dismissal of the third-party complaint was proper since the Mercers may not recover a broker's commission as damages in any action for breach of the contract of sale (see *Empire Realty Corp. v Sayre,* 107 App Div 415, 423-424). Judgment entered August 6, 1980, reversed, on the law and the facts, with costs, and complaint dismissed. Judgment entered August 25, 1980, affirmed, with costs to plaintiffs. Mahoney, P. J., Sweeney, Casey, Weiss and Herlihy, JJ., concur.