OPINION OF THE COURT
Richard S. Lane, J.
In this action for brokerage commissions the parties both move for summary judgment.
It is uncontroverted that plaintiff introduced to defendant an interested potential purchaser who eventually entered into a written agreement for the purchase of defendant’s building. The agreement memorialized plaintiff’s role as broker and defendant’s obligation to pay comihissions. The agreement also contained a provision that, in the event of the purchaser’s default, defendant’s sole remedy would be the retention of the purchaser’s down payment or payments as liquidated damages. Thereafter, without plaintiff’s participation, defendant and the purchaser entered into two written amendments reducing the purchase price and extending the time for closing of title. Eventually defendant and the purchaser allowed the agreement to lapse.
At issue between the parties to this action is whether the agreement was a binding contract or merely an option. If merely an option both concur that no commissions are due. Furthermore both concur that the presence of a liquidated *256 damages clause would not in and of itself render the agreement an option. When, however, that liquidated damages clause is the sole remedy available to the seller precluding an action for specific performance, it becomes only an option argues defendant citing Condit v Cowdrey (123 NY 463, 468). To the contrary argues plaintiff citing Gilder v Davis (137 NY 504, 506-507).
In lengthy memoranda and reply memoranda of law, both parties contend that these contradictory hoary precedents represent an unbroken tradition in the real estate law of New York. The reality is quite different. In none of the many subsequent cases cited in the memoranda nor in any case found by the court has the dichotomy reflected in Condit v Cowdrey (supra) and Gilder v Davis (supra) ever again been used as a sort of litmus paper test for an option. Condit v Cowdrey had an early unceremonial demise as a precedent while Gilder v Davis lives on as seminal authority for an entirely distinct proposition of law (see Willard v Mercer, 83 AD2d 656).
The reality is that whether an agreement is a binding contract or an option is to be determined like any other issue of contract interpretation from all four corners of the agreement (T.I.P. Holding No. 2 Corp. v Wicks, 63 AD2d 263). The remedy for breach contained in an agreement may, of course, be considered, but it is not a decisive nor even very material factor. Unless it otherwise appears rather clearly, it may be presumed that the primary purpose of an agreement is the performance of the acts promised, not the nonperformance (see Rubinstein v Rubinstein, 23 NY2d 293, 298-299).
Nothing else in the agreement here indicates an option — a bargain merely to give the purchaser the privilege to determine at a later time whether or not to purchase. It is perhaps more complex than the ordinary bargain of sale and purchase, but the pattern is the same. The period between closing on the agreement and closing on title is unusually long and flexible. It is spelled out, however, that this period was for the benefit of defendant to allow it time to complete relocation rather than for the benefit of the purchaser.
*257 Among plaintiff’s papers is an affidavit of the purchaser’s principal negativing an option. As a result of certain decisions in discovery motion practice the parties hotly dispute whether the court is entitled to consider this affidavit. I do not reach this issue since parol evidence would be admissible only in the event of an ambiguity in the agreement or a condition precedent, and I find no ambiguity nor any concrete showing of a condition precedent.
Defendant contests plaintiff’s right to recover on the further grounds that the assignment of the claim for commissions to plaintiff was champertous. I reject this argument also. Plaintiff’s principal was formerly a principal of the assignor and was personally entitled to 80% of the commissions payable. Accordingly his real interest in the chose assigned as payment for services rendered in the past precludes champerty (Judiciary Law, § 490)..
Defendant’s motion for summary judgment is denied; plaintiff’s cross motion is granted.