■ KLAIBER, LLC, Appellant, v RICHARD W. COON et al., Respondents. [851 NYS2d 667]—

Peters, J. Appeal from an order of the Supreme Court (Hummel, J.), entered August 30, 2007 in Columbia County, which denied plaintiff's motion for summary judgment.

In May 2006, the parties entered into a contract whereby defendants agreed to sell plaintiff certain real property with plaintiff giving a down payment of $35,000 upon execution of the contract. A subsequent title search uncovered four judgments recorded against defendant Richard W. Coon. Defendants were involved in divorce proceedings and three of the judgments were in favor of defendant Kimberly A. Coon and the fourth was in favor of her attorney. These judgments remained unsatisfied and a scheduled closing date of July 6, 2006 was

adjourned. Plaintiff was thereafter unable to secure a closing date. In November 2006, plaintiff notified defendants that it had decided not to go forward with the transaction and requested its deposit be returned.

On December 4, 2006, Kimberly Coon's attorney notified plaintiff that they were prepared to offer clear title and proposed a closing date of December 13, 2006. Plaintiff thereafter commenced this action on December 6, 2006 to recover its deposit and other expenses related to performance of the contract. On December 13, 2006, Kimberly Coon and her attorney, along with Richard Coon's attorney, showed up at the office of plaintiff's attorney purportedly ready to satisfy the liens and to close on the sale. Plaintiff did not attend and subsequently moved for summary judgment, limiting its recovery to the return of its deposit. Supreme Court denied the motion, prompting this appeal.

Plaintiff argues that defendants' failure to set a closing date due to defects in the title constituted a breach of the contract, entitling it to summary judgment. Defendants contend that plaintiff's failure to tender performance and demand good title barred its recovery. In instances where the defects in title are curable, in order "to place a vendor of realty under a contract of sale in default for a claimed failure to provide clear title, the purchaser normally must first tender performance himself [or herself] and demand good title" (*Willard v Mercer*, 83 AD2d 656, 657 [1981], *affd* 58 NY2d 840 [1983]; *accord Gentile v Sang Y. Kim*, 101 AD2d 939, 940 [1984]). However, when the vendor is given notice of the defect prior to the scheduled closing date and does nothing to correct it until after the closing date, the purchaser need not tender performance as such tender would be meaningless (*see Gentile v Sang Y. Kim*, 101 AD2d at 940). Here, as the judgments against the property were held by Kimberly Coon and her attorney, defendants were aware of the defects in the title prior to closing and the closing was adjourned due to their failure to satisfy them. Furthermore, the record reveals that defendants took no action to correct the defects until December 2006, at the earliest. Therefore, we find that plaintiff was not required to tender performance.

However, regardless of the timing of the notice of the defects, in these instances the vendee must provide the vendor with reasonable time to provide good title (*see Gentile v Sang Y. Kim*, 101 AD2d at 940; *Willard v Mercer*, 83 AD2d at 657). Defendants had ample opportunity to so provide. Defendants advised plaintiff that they would not be able to provide good title prior to the July 6, 2006 closing and, although they claimed to offer clear title as of December 13, 2006, the defects were not actu-

ally cured until June 2007, almost one year after the adjourned closing date. Given the fact that defendants failed to provide clear title in a reasonable time, we find that summary judgment should have been granted to plaintiff.

Mercure, J.P., Carpinello, Rose and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and summary judgment awarded to plaintiff.