■ FRANK J. LIVOTI et al., Respondents, v MARY J. MALLON, Appellant. — In this action for specific performance of a residential real estate contract, the defendant seller appeals from an order of the Supreme Court, Nassau County, entered on November 24, 1980, which granted summary judgment to the plaintiffs. The action was transferred to this court by the Appellate Division, Second Department, and we affirm, without costs. A rider to the sale contract provides as follows: "If Purchasers, after due diligence, shall fail to obtain a firm commitment within the specified time, then either party, on due written notice to the other, may cancel this contract." It is the seller's contention that a "firm commitment" was not obtained because, although the bank gave a commitment, by its terms the commitment required acceptance within 10 days. However, the purchasers never allowed the commitment to be in default, because they obtained an extension of time from the bank even though such extension took the matter beyond the specified time. The purchasers were obviously shopping for a better bank arrangement. Nonetheless, the seller was notified by the father of one of the purchasers (the purchasers were husband and wife), who is also his attorney, that a commitment had been obtained. Giving the word commitment its ordinary dictionary meaning, it is a pledge to do something in the future. The term "firm commitment" means merely that the bank has given an option to the borrower to take a mortgage. This was done within the specified time. We do not think that a commitment is any less firm because the borrower had the option to reject it, or, as here, arranged to extend the time for acceptance. Concur — Kupferman, J.P., Birns, Sullivan, Silverman and Bloom, JJ.