■ CHRISTOPHER PERRONE, Respondent, v KENNETH PASCAL, Appellant. — In an action to compel specific performance of a contract for the sale of real property and to recover damages for the breach thereof, defendant appeals from a judgment of the Supreme Court, Nassau County (Berman, J.), entered July 24, 1984, which, *inter alia,* directed specific performance of the contract and set the closing date for August 6, 1984. The appeal brings up for review an order of the same court dated June 26, 1984, which granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment dismissing the complaint.

Judgment affirmed, with costs. The matter is remitted to the Supreme Court, Nassau County, to set a new closing date.

On February 2, 1984 the parties entered into a contract for the sale of defendant's residence to plaintiff. The contract contained a mortgage commitment contingency clause which provided that plaintiff would have 45 days to obtain a firm mortgage commitment, and gave defendant the right to extend plaintiff's time to 75 days if necessary. It also provided that plaintiff's deposit money would be returned if he could not get a firm mortgage commitment within the time allowed. Finally, it required plaintiff to deliver a copy of the firm mortgage commitment to defendant's attorney, but did not condition the contract upon such delivery being complete within either 45 or 75 days, nor did it specify any particular means of delivery. The 45th day came and went. Defendant did nothing to indicate that he would not grant the 30-day time extension, nor did he return plaintiff's deposit. Defendant admitted in his affidavit that he was still awaiting performance by plaintiff some two weeks after the 45-day period expired, and that "as an accommodation to the purchaser, I decided to wait the additional 30 days granted by the contract, to see if the purchaser obtained a firm mortgage commitment". On March 29, 11 days after expiration of the initial 45-day period, plaintiff obtained a firm mortgage commitment. On or about April 9 or 10, a copy of the commitment was mailed to defendant's attorney. On the 75th day after the contract date, defendant discharged his attorney, mailed to plaintiff a check in the amount of his deposit and a letter canceling the contract, and took possession of the discharged attorney's file. This action ensued and after the joinder of issue the parties moved and cross-moved for summary judgment. Plaintiff's attorney alleged in an affidavit submitted on the motion and cross motion that defendant told him that a copy of the mortgage commitment was in the file which he had received from his former attorney. That allegation was not denied by defendant.

The issue before Special Term was whether defendant had granted plaintiff the 30-day time extension. Special Term properly relied on defendant's "accommodation" statement and retention of plaintiff's money to find that the time extension was granted and that no genuine issue of fact existed as to the grant of the time extension (*Underwood v Farmers' Joint Stock Ins. Co.*, 57 NY 500). Summary judgment was properly granted to plaintiff, since defendant never controverted the fact that a copy of the mortgage commitment was delivered to his attorney within 75 days (*Andre v Pomeroy*, 35 NY2d 361).

We have considered defendant's arguments based on paragraphs 23 and 39 of the contract and find them to be without

merit. Weinstein, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.