■ SHAYE LIEBERMAN, Appellant, v CHARLES PETTINATO et al., Defendants and Third-Party Plaintiffs-Respondents. ROSE DELUCA, Third-Party Defendant-Respondent.—In an action for specific performance of a contract to convey title to real property, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Clemente, J.), dated November 28, 1984, which, inter alia, granted the defendants' motion for summary judgment, and (2) a judgment of the same court, entered January 16, 1985, which, inter alia, dismissed the plaintiff's complaint.

Appeal from the order dismissed (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Judgment affirmed. One bill of costs is awarded to the defendants third-party plaintiffs-respondents.

On March 26, 1981, the defendants entered into a contract

to sell real property to the plaintiff. Paragraph 28 of the rider to the contract provides: "28. This deal is conditioned upon the ability of the purchaser to obtain a conventional mortgage loan in the sum of *$90,000 xx* at prevailing rates of interest at the time of closing. If a commitment for such a loan is not obtained within forty-five (45) days, then either party may cancel same, upon which cancellation the down payment deposited hereunder shall be returned to the purchaser."

Thereafter, the plaintiff was offered a commitment by the Greenpoint Savings Bank provided he pay a 1% origination fee. The plaintiff, however, did not accept this offer of a commitment, but chose to seek another mortgage upon better terms at another bank. The plaintiff never received a mortgage commitment within the 45-day period specified in the contract. On May 26, 1981, several days after the 45-day period had expired, the defendants' attorney wrote to the plaintiff's attorney canceling the contract pursuant to paragraph 28 and returning the plaintiff's down payment. On May 28, 1981, the plaintiff's attorney replied to this letter, stating that the plaintiff had obtained a mortgage commitment within the designated time period and, accordingly, the deal was firm and binding. The down payment check was returned to the defendants' attorney along with the letter. Upon receiving the May 28 letter and check, the defendants' attorney checked with Greenpoint Savings Bank and found that no mortgage commitment had been issued by the bank to the plaintiff, so he again returned the down payment check to the plaintiff's attorney, which was retained. Nothing further occurred between the parties until the plaintiff brought the instant suit for specific performance of the contract in January of 1982.

The plaintiff moved for summary judgment on the theory that the mortgage contingency clause was strictly for the plaintiff's benefit and that the plaintiff had waived the clause in his letter of May 28, 1981. The defendants opposed this motion and cross-moved for summary judgment contending that the letter of May 28, 1981, indicates that the plaintiff had complied with the mortgage contingency clause and did not discuss waiver. The defendants further contended that the plaintiff did not do anything between the time of the May 28 letter and the contract closing date of August 15, 1981, such as ordering a termite inspection, title search, survey, etc., which would indicate that the plaintiff had waived the mortgage contingency clause and was proceeding on an all-cash basis.

Special Term found that the plaintiff had not complied with

the mortgage contingency clause since no mortgage commitment was timely obtained, and that the defendants had properly canceled the contract pursuant to the mortgage contingency clause, and it therefore dismissed the complaint.

On appeal, the plaintiff concedes that no mortgage commitment was issued during the 45-day period, but contends that the offer of a commitment was sufficient to satisfy the clause. We disagree. The mortgage contingency clause, which was inserted at the plaintiff's request, requires that a *commitment* for the mortgage be obtained. The plaintiff was *offered* a commitment but immediately rejected it and took no steps to turn the offer into a bona fide commitment. The plaintiff's reliance on *Livoti v Mallon* (81 AD2d 533), is misplaced. There, the purchaser never allowed his mortgage commitment offer to be in default and arranged for an extension of the time to accept the offer. Here, the plaintiff had to pay a 1% origination fee to accept the commitment, a step he was unwilling to take.

The plaintiff's argument that he waived the mortgage contingency clause by his letter of May 28, 1981, is without merit. This letter to the defendants' attorney states, in pertinent part, as follows:

"Check of $5,000.00 is returned to you as Mr. Lieberman did obtain a mortgage commitment from the Greenpoint Savings Bank within 45 days from the date of contract.

"Accordingly the deal is firm and binding upon all sides."

This letter does not express an intent to waive the clause *(see, Beacon Term. Corp. v Chempreme, Inc.,* 75 AD2d 350), as a plain reading of the letter reveals that the plaintiff was stating the deal was firm because he had *complied* with the clause. The waiver argument was raised for the first time some 2½ years later in the plaintiff's motion for summary judgment. In addition, the plaintiff took no steps to consummate the sale after the letters were exchanged, and there is no factual allegation that the plaintiff was ready, willing and able to perform on the contract closing date. Thus, even though the plaintiff could have waived the mortgage contingency clause and proceeded on an all-cash basis *(see, BPL Dev. Corp. v Cappel,* 86 AD2d 591), the plaintiff failed to indicate an intent to proceed in this fashion in his May 28 letter, nor was the plaintiff prepared to perform on the date of the closing. Hence, the complaint was properly dismissed. Brown, J. P., Weinstein, Niehoff and Spatt, JJ., concur.