■ JOEL KRAMER et al., Appellants, v PHILIP D. PALNAGIO et al., Respondents.—In an action, inter alia, for specific perfor-

mance of a contract for the sale of real property, the plaintiffs appeal from an order of the Supreme Court, Orange County (Cowhey, J.), dated October 29, 1985, which denied their motion for summary judgment and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The contract at issue specifically granted the defendant sellers the right to cancel in the event the plaintiff purchasers failed to obtain a mortgage commitment by a specified date. The plaintiffs, however, failed to secure the commitment until approximately three months after the date designated in the contract and they did so only after receiving notice that the defendants had exercised their option to cancel. We therefore conclude, as did Special Term, that the defendant sellers acted within their rights in canceling the contract (see, Lieberman v Pettinato, 120 AD2d 646; Sainato v Hormozdi, 87 AD2d 625), and that the plaintiffs were not entitled to specific performance.

We further note that the fact that the defendants executed the contract five days subsequent to the expiration of the mortgage contingency clause does not warrant a contrary result, since the plaintiffs failed to obtain the commitment within a reasonable time after the execution of the contract. Lawrence, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.