■ GERARDO CASTALDO et al., Appellants, v GASPARE DALMAZIO, Respondent.—In an action for a judgment declaring a

contract for the sale of real property to be null and void, the plaintiffs appeal from an order of the Supreme Court, Kings County (Scholnick, J.), dated January 22, 1986, which denied the plaintiffs' motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion is granted, the defendant's cross motion is denied, and the contract of sale dated April 3, 1985 is declared null and void.

On April 3, 1985, the plaintiffs entered into a contract to sell certain real property to the defendant. Paragraph 7 of the rider to the contract provides, in pertinent part: "This contract is conditioned upon the purchaser securing a mortgage loan covering the premises in the amount of $198,750.00 for a period totalling [sic] 25 years, with interest starting at the prevailing rate at the time of closing. In the event a commitment for such loan is not secured from a lending institution within 60 days from the date of this contract, then and in such event *the seller[s] may cancel this agreement* upon written notice to the purchaser's attorney by certified mail. The purchaser shall in this event submit to seller's attorney proof that purchaser has made diligent effort to procure such mortgage commitment and has failed to do so in which event the purchaser shall then receive all sums paid hereunder whereupon this agreement shall be null and void and neither party to this agreement shall have any further claim against the other" (emphasis added).

On June 10, 1985, eight days after the expiration of the 60-day period, the defendant's attorney advised the plaintiffs' attorney as follows: "Pursuant to the contract of sale dated April 3, 1985, please be advised that the Green Point Savings Bank had agreed to grant a mortgage loan to the extent of $157,000.00. The amount is $41,750.00 less than the provision in the contract. My client, the purchaser, has instructed me to advise, notwithstanding, this loan amount that he wishes to continue under the contract and will arrange one way or * * * another to make up the difference." The letter also requested that the plaintiffs consider taking back a second mortgage on the property in an amount large enough to allow the defendant to complete the transaction. The defendant's attorney suggested that "it would be beneficial to both our clients, if some arrangements can be made". Pursuant to the contract, the closing was to take place on or about September 1, 1985.

In a letter dated July 3, 1985, sent by certified mail, the plaintiffs' attorney informed the defendant's attorney that the plaintiffs would not entertain the proposal contained in the June 10 letter and were exercising their option to cancel the contract. The defendant's deposit check in the amount of $5,000 was returned. On July 7, 1985, the defendant's attorney replied to this letter, stating that his June 10 letter had the effect of eliminating the mortgage contingency clause and transforming the contract into an all cash transaction. The deposit check was returned to the plaintiffs' attorney.

After instituting this action for a judgment declaring the contract to be null and void, the plaintiffs moved for summary judgment. The defendant cross-moved for summary judgment dismissing the complaint. Special Term agreed with the defendant's contention that the mortgage contingency clause was strictly for the benefit of the purchaser and thus could be waived by the defendant. We disagree.

The contract in the case at bar expressly granted the sellers the right to cancel the transaction in the event that the purchaser was unable to obtain the specified mortgage commitment within the time allotted and they timely exercised that right by informing the buyer of their election to do so, by certified mail. Accordingly, since the plaintiffs properly exercised their option to cancel the contract, their motion for summary judgment should have been granted. Niehoff, J. P., Lawrence, Weinstein and Sullivan, JJ., concur.