■ ISRAEL G. GROSSMAN et al., Appellants, v PATRICIA PERLMAN, Respondent.—In an action for specific performance of a contract for the sale of real property, the plaintiffs appeal from an order of the Supreme Court, Kings County (Golden, J.), dated December 5, 1986, which, *inter alia,* granted the defendant's motion for summary judgment and dismissed the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs signed a contract to purchase a residence in Brooklyn, New York. The contract provided that it was subject to the plaintiffs obtaining a conventional mortgage at prevailing interest rates. The purchasers had 45 days to obtain a mortgage commitment and provide written notice of same to the seller's attorney or the seller had the option to cancel the contract. The plaintiffs made mortgage applications at the Green Point Savings Bank and Fairmont Funding, Ltd.

After the initial 45-day period had elapsed without a final mortgage commitment having been issued, the plaintiffs were given a two-week extension. The plaintiffs received a commitment offer from the Green Point Savings Bank which required payment of a 1% origination fee before a written commitment would be issued. They did not accept the Green Point Savings Bank offer because they were hoping to get a better deal from Fairmont Funding, Ltd. On February 6, 1986, the seller's attorney notified the plaintiffs, by mail, that they had 10 days to provide a mortgage loan commitment or the seller would exercise her right to cancel the contract. On February 16, 1986, the plaintiffs notified the seller's attorney that their application to Fairmont Funding, Ltd., had been approved. A formal commitment was not issued until February 23, 1986. On February 18, 1986 the seller notified the plaintiffs, through her attorney, that the letter from Fairmont Funding, Ltd.,

was not acceptable and therefore she was canceling the contract.

Special Term granted the defendant's motion for summary judgment and dismissed the complaint. On appeal, the plaintiffs contend that the approval letter from Fairmont Funding, Ltd. was sufficient to satisfy the mortgage contingency clause. That clause requires that a final approval or commitment be obtained (see, Lieberman v Pettinato, 120 AD2d 646). It is clear from the actual commitment letter dated February 23, 1986, that the letter of February 13, 1986, was not the approval which the contract required.

We do not accept the plaintiffs' contention that the mortgage contingency clause was solely for their benefit, precluding the seller from canceling the contract. The clause therein was not for the plaintiffs' benefit alone since the contract expressly granted the seller the option to cancel the contract (see, Castaldo v Dalmazio, 129 AD2d 548).

The plaintiffs also argue that the defendant should be estopped from exercising her option to cancel the contract because she impliedly waived her right to do so by granting the plaintiffs an extension in order to obtain a commitment. The granting of an extension under the contract was not inconsistent with the right to cancel once the time period granted by the extension expired (see, Perrone v Pascal, 111 AD2d 377). Brown, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.