(July 27, 1987)

■ BRAND MANUFACTURING CORP., Respondent, v OLIT ASSOCIATES et al., Appellants.—In an action to recover damages for malicious prosecution and abuse of process, the defendant Jaspan, Ginsberg, Ehrlich, Reich & Levin (hereinafter Jaspan) appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Krausman, J.), dated June 9, 1986, as denied that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as it is asserted against it, and the defendants Olit Associates and Litwak have appealed from the same order.

Ordered that the appeal by the defendants Olit Associates and Litwak is dismissed, for failure to perfect the same in accordance with the rules of this court *(see,* 22 NYCRR 670.20 [f]); and it is further,

Ordered that the order is reversed insofar as appealed from by Jaspan, on the law, and that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as it is asserted against it is granted, and the plaintiff's action against the remaining defendants is severed; and it is further,

Ordered that Jaspan is awarded one bill of costs payable by the plaintiff.

The genesis of the present action was three prior actions brought by Olit Associates for rents due under a lease. Default judgments were entered in all three actions, which the plaintiff herein moved to vacate. Special Term denied these motions, and this court subsequently affirmed the orders of Special Term *(see, Olit Assocs. v Brand Mfg. Corp.,* 114 AD2d 1022, *lv dismissed* 67 NY2d 604; *Olit Assocs. v Brand Mfg. Corp.,* 92 AD2d 607).

A review of the record reveals that the plaintiff cannot maintain this action as against Jaspan, the firm of attorneys representing Olit Associates in the prior actions. With regard to the claim of malicious prosecution, the plaintiff failed to establish two of the essential elements of the cause of action, namely, (1) that the underlying proceedings terminated in its favor; and (2) that it suffered interference from some provisional remedy *(see, Molinoff v Sassower,* 99 AD2d 528).

Similarly, the plaintiff's claim for abuse of process fails to allege or raise triable issues as to the necessary elements of the action. There is no indication in the record that Jaspan caused process to issue which compelled the performance or forbearance of some prescribed act *(see, Hornstein v Wolf,* 109 AD2d 129, 133, *affd* 67 NY2d 721). The mere service of a summons and complaint is insufficient to support a claim for abuse of process *(see, Lewis v Pay Tel.,* 124 AD2d 559). Also, the fact that the summonses and complaints were served on the Secretary of State when Jaspan knew the actual address of the plaintiff is insufficient to ground an action in abuse of process *(see, Aluminum Mill Supply Corp. v Larkin,* 129 AD2d 542).

Since there are no triable issues of fact as to the missing essential elements of each cause of action, summary judgment should have been granted to Jaspan *(see, Molinoff v Sassower,*

*supra).* Lawrence, J. P., Kunzeman, Kooper and Spatt, JJ., concur.