■ DALE MORTGAGE BANKERS CORP., Respondent, v 877 STEWART AVENUE ASSOCIATES, Appellant.—In an action for specific performance of a contract for the sale of real property, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Murphy, J.), entered May 6, 1987, which, *inter alia,* granted the plaintiff's motion for summary judgment, denied the defendant's cross application for summary judgment, and directed the defendant to convey the subject property.

Ordered that the order and judgment is reversed, on the law, with costs, the motion for summary judgment is denied, the cross application for summary judgment is granted, and the complaint is dismissed.

On October 20, 1986, the plaintiff and the defendant entered into a written agreement whereby the defendant was to build a commercial condominium unit and then convey it to the plaintiff for a purchase price of $3,820,000. The contract provided for a down payment of $382,000 with the remaining $3,438,000 to be paid at the closing, which was scheduled to take place on or about April 1, 1987. The agreement also included the following paragraph:

"This contract is conditioned upon Purchaser obtaining a written mortgage loan commitment from a lending institution in the amount of $3,000,000.00 at the prevailing interest rate at the time of commitment or closing and payment of 'points' or an origination fee not to exceed two (2%) percent in total. The loan shall be self-liquidating over a fifteen (15) year period; the interest rate shall either be one (1%) percent over the institution's 'prime rate' and be adjusted with each change in such prime rate or be fixed at the time of closing and adjusted every five (5) years thereafter to the institution's

fixed rate for loans of a similar nature. Purchaser agrees to make all necessary applications for such financing within ten (10) days of the date of this Contract. Purchaser represents that he *[sic]* shall furnish the lending institution to which it makes application all information that said institution may require in connection therewith. In the event that the Purchaser is unable to obtain a mortgage commitment in the amount and on the terms set forth herein within seventy-five (75) days of the date of Purchaser's receipt of this Contract executed by Seller, then this Contract may be declared null and void by either party by written notice to the other delivered within five (5) days subsequent to said date and the down payment paid therein by the Purchaser shall be returned to Purchaser with interest. Seller shall have the right but not the obligation to attempt to obtain a mortgage loan commitment for the Purchaser from a lending institution on similar terms and conditions as set forth above during a period not to exceed forty-five (45) days after receipt of the above five (5) day notice from Purchaser, which if Seller shall obtain said financing, Purchaser shall accept. In the event Seller exercises such right, then this Contract shall not be null and void and the down payment shall not be returned to the Purchaser unless Seller is unable to obtain such financing within forty-five (45) days of receipt of the five (5) day notice".

It is undisputed that the plaintiff did not obtain a mortgage commitment by the date of expiration of the 75-day period. The defendant then returned the plaintiff's down payment and informed the plaintiff in writing that the defendant was canceling the contract because of the plaintiff's failure to secure the mortgage commitment. The plaintiff then advised the defendant that it was waiving its rights to obtain a mortgage and was electing to purchase the unit all in cash. The plaintiff attempted to return the down payment to the defendant, which refused to accept it, and continued to consider the agreement terminated. The plaintiff commenced an action for specific performance and its motion for summary judgment was granted by the Supreme Court, Nassau County, which found that the mortgage contingency clause was for the benefit of plaintiff alone and could therefore be waived by the plaintiff if it wished to proceed on an all-cash basis.

We disagree with the determination of the Supreme Court, Nassau County, and now reverse. The plaintiff's contention that the mortgage contingency clause was solely for its benefit is without merit since the contract expressly granted the defendant the right to cancel the transaction in the event that

the plaintiff was unable to obtain the specified mortgage commitment within the time allotted *(see, Grossman v Perlman,* 132 AD2d 522; *Castaldo v Dalmazio,* 129 AD2d 548). Since the clause was for the benefit of both parties, it could not be waived by the plaintiff unilaterally *(see, Poquott Dev. Corp. v Johnson,* 104 AD2d 442). Because the defendant timely exercised its right to cancel the agreement by the method called for in the agreement, summary judgment should have been granted to the defendant rather than to the plaintiff *(see, Castaldo v Dalmazio, supra).* Thompson, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.