■ DAVID Koo, Appellant, v ROBERT P. GROSS et al., Respondents.—In an action, inter alia, for specific performance of a contract to sell real property, the plaintiff appeals from (1) an order of the Supreme Court, Dutchess County (Hillery, J.), entered August 7, 1986, which, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint, and (2) a judgment of the same court, dated August 27, 1986, which, inter alia, is in favor of the defendants and against him.

Ordered that the appeal from the order entered August 7, 1986 is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The contract involved herein specifically provided that either party had the right to cancel the agreement in the event

that the plaintiff purchaser was unable to obtain a mortgage commitment by a specified date. As we have noted in several recent cases, this mortgage commitment clause was for the benefit of both parties *(see, Dale Mtge. Bankers Corp. v 877 Stewart Ave. Assocs.,* 133 AD2d 65; *Grossman v Perlman,* 132 AD2d 522; *Castaldo v Dalmazio,* 129 AD2d 548, *lv denied* 70 NY2d 604; *Kramer v Palnagio,* 128 AD2d 842). Since the plaintiff buyer failed to obtain a mortgage commitment within the time provided for in the contract, the defendant sellers herein could and did properly exercise their right to cancel the contract *(see, Dale Mtge. Bankers Corp. v 877 Stewart Ave. Assocs., supra; Castaldo v Dalmazio, supra).* Lawrence, J. P., Eiber, Spatt and Sullivan, JJ., concur.