■ CERABINO CUSTOM BUILDERS, INC., Appellant, v FANNY RIGOGLIOSO, Respondent.—In an action to compel specific performance of a contract for the sale of real property, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (Gowan, J.), dated March 13, 1986, which

granted the defendant's motion for summary judgment dismissing the complaint, and (2) from so much of an order of the same court, entered August 13, 1986, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated March 13, 1986, is dismissed, as that order was superseded by the order entered August 13, 1986, made upon reargument; and it is further,

Ordered that the order entered August 13, 1986, is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

By a contract of sale dated January 4, 1985, the defendant agreed to sell and the plaintiff agreed to purchase a parcel of improved real property, located at 2565 and 2569 Union Boulevard, Islip, New York, for a total purchase price of $168,000. Paragraph 16 of the rider to the contract provided that the contract was conditioned upon the plaintiff obtaining, at its own expense, a commitment for a conventional first mortgage loan in the amount of $120,000, for 20 or 25 years, within 45 days of the date of the contract. The paragraph further provided that if the plaintiff was unable, after using its best efforts, to obtain such a commitment within the designated period, either party, by written notice to the other, might cancel the contract "unless the Seller shall elect to extend the Purchaser's time for obtaining such commitment for an additional period not exceeding 30 days". Upon cancellation, the down payment was to be refunded to the purchaser, less $1,000, which amount was to be retained by the seller for legal fees and liquidated damages. By letter dated February 15, 1985, the defendant's attorney reminded the plaintiff's attorney that the 45-day period expired on February 18 and requested evidence that the plaintiff had made a good-faith effort to obtain a mortgage commitment and the results of the plaintiff's efforts.

It is undisputed that the plaintiff failed to obtain the mortgage commitment in the specified amount and within the specified time frame. Nevertheless, the plaintiff's attorney advised the defendant's attorney by telephone and in a follow-up letter, dated February 26, 1985, that "our client has obtained financing * * * and the mortgage condition in paragraph 16 has been satisfied and is of no further force and effect". On the same date, the plaintiff's attorney ordered mortgage title insurance in the amount of $100,000 and a survey of the premises.

By letter dated February 27, the defendant's attorney notified the plaintiff's attorney that the defendant elected to cancel the contract of sale, pursuant to paragraph 16 of the rider. Enclosed was an escrow check in the sum of $15,800, representing the seller's refund of the purchaser's down payment, less $1,000 for legal fees and liquidated damages. In subsequent correspondence, the plaintiff's attorney rejected the defendant's cancellation of the contract, reiterated that the mortgage condition had been satisfied and returned the escrow check. Thereafter, the plaintiff commenced the instant action for specific performance of the contract of sale.

The defendant moved to dismiss the complaint on the ground that he had properly elected to cancel the contract of sale, pursuant to paragraph 16 of the rider. The plaintiff cross-moved for summary judgment on the theory that the mortgage contingency clause was solely for its benefit and that the plaintiff had waived the clause.

The plaintiff purchaser failed to obtain a mortgage commitment in the sum of $120,000 within the time provided for in the contract. Further, no extension of the plaintiff's time to obtain said commitment was granted by the defendant seller. Therefore, the defendant seller could and did properly exercise her right to cancel the contract (see, Koo v Gross, 133 AD2d 613; Dale Mtge. Bankers Corp. v 877 Stewart Ave. Assocs., 133 AD2d 65, lv denied 70 NY2d 612). Rubin, J. P., Kooper, Spatt and Harwood, JJ., concur.