■ STEVE A. FERLITA et al., Appellants, v ERMINIA GUARNERI, Respondent.—In an action for specific performance of a contract for the sale of real property, the plaintiffs appeal from an order of the Supreme Court, Kings County (I. Aronin, J.), dated May 2, 1986, which granted the defendant's motion for summary judgment, dismissed the complaint, and directed the Clerk of the County of Kings to cancel the notice of pendency of action filed against the subject premises.

Ordered that the order is affirmed, with costs.

On November 13, 1984, the plaintiffs entered into a contract to purchase real property from the defendant. Page two of an attachment entitled "RIDER TO CONTRACT OF SALE" provides in pertinent part: "This contract is expressly conditional upon the purchaser obtaining a first mortgage loan (conventional-variable) in the sum of $90,000, payable in equal monthly installments of principal and interest over a period of 20-25 years, and bearing interest at the prevailing rate of interest on said loan on date of title closing. The purchaser agrees to make diligent application for said mortgage loan and to furnish complete and truthful information to the lending institution with reference to purchaser's assets and other matters relating to purchaser's credit. In the event the purchaser is unable to obtain a firm written bank commitment within 45 days from the date hereof, either party thereafter shall have the option of cancelling this contract by serving written notice upon the other, and the contract shall be deemed null and void upon the refund of the contract deposit."

After learning that the plaintiffs did not obtain a firm written bank commitment within the specified period, on January 16, 1985, 19 days after the expiration of the 45-day period, the defendant's attorney advised the plaintiffs' attorney that the defendant elected to cancel the contract by virtue of the plaintiffs' failure to obtain a firm written bank commitment. Enclosed in the letter was the plaintiffs' contract deposit. The letter, sent by certified mail, was delivered on January 17, 1985.

On the same day the plaintiffs' attorney sent a letter by certified mail to the defendant's attorney advising that his clients were ready, willing and able to close the title without the mortgage.

In a letter dated February 18, 1985, the plaintiffs' attorney informed the defendant's attorney that the closing of title was set for February 26, 1985, at 10:00 A.M. in the purchasers' attorney's office.

Neither the defendant nor her attorney appeared at the closing.

The plaintiffs instituted an action for specific performance of the contract. The defendant moved for summary judgment which was granted. The court determined that the mortgage commitment clause was for the benefit of both parties and could not be waived by the plaintiffs alone.

We agree with the Supreme Court that the defendant properly exercised her right to cancel the contract and was entitled to judgment as a matter of law. The contract expressly grants either party the option of canceling the contract in the event that the plaintiffs fail to secure a firm written bank commitment within the specified time period. It is uncontroverted that the plaintiffs did not obtain the specified commitment within the allotted period. The defendant notified the plaintiffs in writing some 19 days after the expiration of the 45-day period and returned the plaintiffs' contract deposit in accordance with her contractual obligations.

It is a fundamental tenet of contract law that a writing which clearly and unambiguously expresses the intention of the parties should not be modified by the court. This clause expresses the parties' agreement that the mortgage loan commitment was of sufficient moment to each side to justify an escape in the event the purchaser could not obtain it. The clause constitutes a defense to the plaintiffs' action for specific performance as a matter of law. Inasmuch as the plaintiffs have not raised any triable issues of fact, summary judgment in the defendant's favor was properly granted (see, Castaldo v Dalmazio, 129 AD2d 548, lv denied 70 NY2d 604; Ingber v Greco, 135 AD2d 597; Koo v Gross, 133 AD2d 613; Dale Mtge. Bankers Corp. v 877 Stewart Ave. Assocs., 133 AD2d 65, lv denied 70 NY2d 612; Grossman v Perlman, 132 AD2d 522). Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.