■ Susan A. Murray, Respondent, v Rose F. Armour, Appellant

The parties entered into a contract for the sale of the subject premises on March 21, 1986. The contract provided that it was expressly conditioned upon the purchaser obtaining a mortgage in the sum of 80% of the purchase price. The contract further provided as follows:

"(c) Purchaser shall have 45 days from date Purchaser receives copy of this contract duly signed by Seller, to secure the above mortgage loan commitment, with an extension of seven (7) days, if necessary;

"(d) In the event Purchaser cannot secure said commitment within the time herein specified, either party hereto shall have the right to cancel this agreement by notice in writing, addressed to Seller's or Purchaser's attorney, as the case may be * * *

"(f) In the event notice of cancellation shall not be given, by either Seller or Purchaser, then this transaction shall close as scheduled in this agreement, without being conditioned on the Purchaser securing a mortgage loan".

The closing was scheduled for "on or about May 21st, 1986". Oral extensions were given by the seller's attorney to the purchaser so she could obtain a mortgage commitment. The purchaser's attorney sent a letter stating that a firm commitment was received from the bank and this letter was received by the seller's attorney on June 3, 1986, 13 days after the originally scheduled closing date.

By letter dated June 12, 1986, the seller's attorney formally notified the purchaser that the contract was canceled because the mortgage commitment was not firm. Shortly thereafter, the purchaser commenced this action against the seller for specific performance of the contract.

We conclude that upon the foregoing facts, summary judgment was properly granted in favor of the purchaser *(see, Kramer v Brown,* 131 AD2d 816). There was a firm mortgage commitment *(see, Livoti v Mallon,* 81 AD2d 533, *lv denied* 54 NY2d 601; *cf., Lieberman v Pettinato,* 120 AD2d 646, 648). The purchaser was at all times ready, willing, and able to perform her obligations under the contract, thereby establishing her entitlement to summary judgment and specific performance of the contract *(see, Kramer v Brown, supra; Perrone v Pascal,* 111 AD2d 377, 378; *Huntington Min. Holdings v Cottontail Plaza,* 96 AD2d 526, *affd* 60 NY2d 997). Kunzeman, J. P., Eiber, Sullivan and Balletta, JJ., concur.