■ BRIAN CONEYS, Appellant, v CATHLEEN GAME et al., Respondents.—In an action for specific performance of a contract for the sale of a cooperative apartment, or in the alternative, to recover damages for breach thereof, the plaintiff appeals from an order of the Supreme Court, Kings County (Krausman, J.), dated July 17, 1986, which granted the defendants' motion to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

We disagree with the determination of the Supreme Court, Kings County, that the defendant seller acted within her rights in canceling the contract *(cf., Kramer v Palnagio,* 128 AD2d 842, 843; *Lieberman v Pettinato,* 120 AD2d 646). The mortgage contingency clause was solely for the benefit of the plaintiff purchaser and did not grant the seller the option to cancel the contract in the event the purchaser failed to obtain a mortgage commitment by a specified date *(cf., Grossman v Perlman,* 132 AD2d 522, 523, *lv denied* 70 NY2d 616, *rearg denied* 71 NY2d 890; *Lieberman v Pettinato, supra,* at 647). Moreover, the record indicates that the buyer obtained a mortgage commitment within the time specified in the contract and that the seller was apprised of this fact by the realtor.

In addition, the purchaser's acceptance of a check from the seller which represented a refund of his down payment did not constitute an accord and satisfaction. The check was nothing more than a return of the buyer's own property which the seller had no right to retain after her breach *(see,*

*Merrill Lynch Realty/Carll Burr, Inc. v Skinner,* 63 NY2d 590, *rearg denied* 64 NY2d 885; *Lotito v Mazzeo,* 132 AD2d 650, 651; *Paynter v Vishnia,* 114 AD2d 404, 405). Brown, J. P., Kunzeman, Rubin and Kooper, JJ., concur.