■ RAYMOND CARPENITO, Respondent, v FLORENCE BALINT, Doing Business as 116 BURHANS Co., Appellant.—In an action for specific performance of a contract for the sale of real property, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Wood, J.), dated June 26, 1987, as denied her cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's cross motion is granted, and the complaint is dismissed.

By a contract of sale dated August 12, 1986, the defendant agreed to sell and the plaintiff agreed to purchase a parcel of real property located in the City of Yonkers. Paragraph 25 of the rider to the contract provided that it was expressly conditioned upon the purchaser's obtaining a commitment for a conventional mortgage in the sum of $100,000 for a period of not less than 20 years. The paragraph further provided as follows: "In the event Purchaser is unable to secure said commitment within six (6) weeks from the date of this contract, either party may give to the other written notice of election to terminate the contract".

We find that under the specific and unambiguous terms of the contract the plaintiff was required to secure a mortgage commitment within six weeks of August 12, 1986, the date of the contract (see generally, Ferlita v Guarneri, 136 AD2d 680). This period therefore expired on September 23, 1986. Having received no notification or copy of a mortgage commitment prior to the expiration of the six-week period the defendant sent to the plaintiff's attorney a written notice of her election to terminate the contract. Enclosed was a check in the amount of $12,000 representing a refund of the plaintiff's down payment. In subsequent correspondence, the plaintiff's

attorney rejected the defendant's cancellation of the contract, claimed that a mortgage commitment had been obtained, thereby satisfying the mortgage contingency clause of the contract, and returned the escrow check. Thereafter, the plaintiff commenced the instant action for specific performance of the contract of sale.

The plaintiff moved for summary judgment, *inter alia,* on the theory that he had received a mortgage commitment within the specified period, and, therefore, the defendant's cancellation was ineffective. It appears from the plaintiff's motion papers that he had obtained a verbal commitment on September 3, 1986, but that a written commitment was not issued by the lender until September 26, 1986, i.e., one day after the expiration of the six-week period. The plaintiff does not contend that the defendant was notified prior to her exercise of the option to cancel the contract that a mortgage commitment had been secured. The defendant opposed the motion and cross-moved for summary judgment contending that a firm mortgage commitment had not been obtained but, in any event, such commitment as was obtained was untimely.

We conclude that, upon the foregoing facts, summary judgment should have been granted to the defendant. According the term mortgage commitment its ordinary dictionary meaning, a formal written communication setting forth the terms and conditions of the mortgage loan was required to satisfy the mortgage contingency clause *(see,* Black's Law Dictionary 912 [5th ed 1979]). Therefore, the alleged verbal commitment of September 3, 1986, did not satisfy the contractual requirement *(see, Lieberman v Pettinato,* 120 AD2d 646, 648; *cf., Livoti v Mallon,* 81 AD2d 533, *lv denied* 54 NY2d 601). While we believe, contrary to the defendant's contention, that the September 24, 1986, written commitment was sufficient to comply with the requirement of a mortgage commitment, the plaintiff did not secure the mortgage commitment within the time specified in the contract and, therefore, the defendant properly exercised her right to cancel it *(see, Cerabino Custom Bldrs. v Rigoglioso,* 135 AD2d 481; *Sainato v Hormozdi,* 87 AD2d 625; *cf., Kramer v Brown,* 131 AD2d 816). Mangano, J. P., Thompson, Brown and Kunzeman, JJ., concur.