■ SUSAN R. LANE, Appellant-Respondent, v JOSEPH A. PENNER, Respondent-Appellant.—In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Delaney, J.), entered October 23, 1987, as denied her motion for summary judgment, and the defendant cross-appeals, as limited by his brief, from so much of the same order as denied that

branch of his cross motion which was for summary judgment. The appeals bring up for review so much of an order of the same court dated June 3, 1988, as, upon reargument, substantially adhered to the original determination (CPLR 5517 [b]).

Ordered that the appeal and cross appeal from the order entered October 23, 1987, are dismissed, as that order was superseded by the order dated June 3, 1988, made upon reargument; and it is further,

Ordered that the order dated June 3, 1988, is modified by deleting the provision thereof which denied those branches of the plaintiff's motion which were for summary judgment on its cause of action for specific performance and to strike the defendant's second counterclaim and substituting therefor a provision granting those branches of the plaintiff's motion; as so modified the order is affirmed insofar as reviewed, and the order entered October 23, 1987 is modified accordingly; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

On April 22, 1986, the defendant entered into a contract to sell real property to the plaintiff. Paragraph 28 of the contract provides: "This contract is made upon the condition that, on or before June 5, 1986, a lending institution shall issue a commitment to make a conventional first mortgage loan on the Premises for $100,000.00 for not less than 30 years at prevailing interest rates. If Purchaser fails to obtain such commitment on or before the date set forth above, then, unless the parties agree to extend such date or Purchaser delivers to Seller a written waiver of this condition, this contract shall be automatically cancelled as of such date and both parties shall thereafter be released and discharged from all liability under this contract, except that the downpayment under this contract shall be promptly refunded to Purchaser".

Thereafter, the Dime Savings Bank (hereinafter Dime) issued a written commitment on June 4, 1986. Although the plaintiff was orally notified of the issuance of the commitment by the Dime on or about June 4th, and the defendant's attorney on June 6th, the written letter of commitment was not received by the plaintiff until June 10, 1986. By letter dated June 14, 1986, the defendant's attorney wrote to the plaintiff canceling the contract pursuant to paragraph 28 and returning the plaintiff's down payment. The plaintiff then commenced the instant action seeking specific performance of the contract.

Thereafter, the plaintiff moved for summary judgment on

the theory that the Dime's issuance and mailing of the commitment, along with oral notification to the plaintiff on June 4th, satisfied paragraph 28 of the contract. The court found that the commitment had been timely issued, but held that issues of fact precluded summary disposition of the cause of action for specific performance. We disagree.

Contrary to the defendant's contention, the plaintiff was not under an obligation to promptly notify him of the issuance of the commitment (see, Campagna v Braun, 124 AD2d 532). The failure to obtain the commitment, not a failure to notify the seller, triggered the right to cancellation. If the parties had intended that notification to the seller of the issuance of the commitment was required to satisfy this condition, language reflecting this intention could have been included in the contract (see, e.g., Grossman v Perlman, 132 AD2d 522, lv denied 70 NY2d 616). Because the plaintiff had obtained the specified mortgage commitment within the time allotted, the contract did not automatically terminate (cf., Dale Mtge. Bankers Corp. v 877 Stewart Ave. Assocs., 133 AD2d 65; Koo v Gross, 133 AD2d 613).

In light of the fact that no triable issues of fact exists, summary judgment should have been granted to the plaintiff awarding specific performance of the contract (see, Zuckerman v City of New York, 49 NY2d 557).

Furthermore, since the defendant did not submit evidence of the necessary elements, the counterclaim for malicious prosecution should have been dismissed (see, Colon v City of New York, 60 NY2d 78; Brand Mfg. Corp. v Olit Assocs., 132 AD2d 684). Thompson, J. P., Brown, Rubin and Sullivan, JJ., concur.