■ WILLIAM TING et al., Appellants, v PAULINA DEAN et al., Respondents.—In an action, inter alia, for specific performance of a contract to sell real property, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (I. Aronin, J.), dated October 23, 1987, which, after a nonjury trial, is in favor of the defendants dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

Pursuant to its express terms, the parties' contract was to

become "null and void" in the event that the plaintiff purchasers were unable to obtain a "firm commitment" for a mortgage in the amount of $187,000 within 45 days of the signing of the contract, that is, on or before March 17, 1986. The defendant sellers were granted the right to extend for 30 days the time within which the plaintiffs could obtain such a mortgage. In the absence of such an extension, it was provided that the contract would become "immediately" null and void.

At trial, one of the plaintiffs testified that he informed the defendants' attorney "around" March 17, 1986, that he had obtained a "verbal commitment" for a mortgage in a sum substantially less than that called for in the contract. The evidence might also permit an inference that, at the same time, this plaintiff informed the defendants' attorney that the plaintiffs would be able to tender the remainder of the purchase price by using funds available to them from other sources. However, there was no proof that the defendants' attorney was, at this time, supplied with any reliable corroboration of the plaintiffs' claim that they had set aside funds sufficient to guarantee their timely performance of the contract, notwithstanding their conceded inability to satisfy the terms of the mortgage contingency clause.

On March 19, 1986, the defendants, by their attorney, notified the plaintiffs that no extension would be granted and that the contract should be deemed null and void, since the plaintiffs had failed to obtain a commitment for a mortgage on the terms stated in the contract. At trial, the plaintiffs conceded that they had been unable to obtain a mortgage commitment in the sum of $187,000 by March 17, 1986, and there was no proof that such a commitment was obtained at any time thereafter. The plaintiffs argued at trial, and continue to argue on appeal, that they were prepared to pay the purchase price notwithstanding their inability to obtain a mortgage as required by the contract, and that the defendants breached the contract by refusing to permit them to do so. We agree with the Supreme Court that the plaintiffs failed to prove their entitlement to specific performance.

The plaintiffs concededly failed to satisfy the mortgage contingency clause. The "verbal" commitment which they had purportedly obtained was defective for two reasons. First, "verbal" commitments are generally not considered valid *(see, Carpentino v Balint,* 145 AD2d 458, 459; *Lieberman v Pettinato,* 120 AD2d 646, 648).* Second, this commitment was in an amount significantly less than that called for in the contract *(see, Cerabino Custom Bldrs. v Rigoglioso,* 135 AD2d 481).*

The terms of the mortgage contingency clause are unambiguous, and the effect of this clause may not be avoided on the theory that the provision was inserted into the contract solely for the benefit of the plaintiff purchasers. This court has held, in a number of cases, that unless the contract clearly states otherwise, such provisions are meant to protect the seller as well as the buyer, on the theory that the issuance of a mortgage commitment to the prospective buyer increases in direct proportion to the amount of the mortgage commitment itself, the chances that the buyer will in fact be able to perform his obligations in a timely manner *(see generally, Ferlita v Guarneri,* 136 AD2d 680, 681; *Ingber v Greco,* 135 AD2d 610, 611; *Dale Mtge. Bankers Corp. v 877 Stewart Ave. Assocs.,* 133 AD2d 65; *Koo v Gross,* 133 AD2d 613; *Grossman v Perlman,* 132 AD2d 522; *Castaldo v Dalmazio,* 129 AD2d 548; *Kramer v Palnagio,* 128 AD2d 842, 843; *Sainato v Hormozdi,* 87 AD2d 625; *Zigman v McMackin,* 6 AD2d 907, 908; *cf., Blumberg v Florence,* 143 AD2d 380; *Coneys v Game,* 141 AD2d 795).

In addition to having failed to prove literal compliance with the mortgage contingency clause, the plaintiffs submitted no proof that they substantially complied with the clause's underlying purpose. There was no evidence that the plaintiffs had furnished the defendants with proof that $187,000 (or some greater amount) had been placed in escrow and specifically set aside for the purpose of completing this contract. Since there was neither literal compliance with the mortgage contingency clause, nor the substantial equivalent of literal compliance, and since the defendants were not furnished with the bargained-for guarantee as to the plaintiff purchasers' ability to perform which is reflected in that clause, the defendants properly exercised their right to deem the contract null and void. Bracken, J. P., Rubin, Spatt and Sullivan, JJ., concur.