■ RONYL PELLETIER et al., Appellants, v MARY RUFFINI, Respondent.—In an action for specific performance of a contract for the sale of real property, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Tanenbaum, J.), entered July 21, 1988, which granted the defendant's motion for summary judgment dismissing the complaint, and denied the plaintiffs' cross motion for summary judgment.

Ordered that the order and judgment is affirmed, with costs.

On May 15, 1985, the defendant seller and the plaintiff purchasers entered into a contract for the sale of a house for a total purchase price of $80,000. At that time the plaintiffs

were in possession of a portion of the premises as month-to-month tenants. Paragraph 3 of the rider to the contract provided that the contract was conditioned upon the plaintiffs obtaining a commitment for a first-mortgage loan in the amount of $72,000 for 20 or 25 years, within 45 days after the plaintiffs' attorney received an executed copy of the contract. Paragraph 4 provided that if the plaintiffs were unable, after diligent efforts, to obtain such a commitment within the designated period, either party by written notice to the other could cancel the contract, "unless the Seller shall elect to extend the Purchasers' time for obtaining such commitment for an additional period not exceeding thirty (30) days". Upon cancellation, the down payment of $8,000 was to be refunded to the purchasers. Closing was initially scheduled for June 15, 1985. Paragraph 12 imposed a duty upon the seller to deliver a certificate of occupancy.

The defendant's attorney orally agreed to extend the plaintiff's time to obtain a mortgage commitment up to and including September 13, 1985. On October 10, 1985, the plaintiffs orally requested that the defendant provide a certificate of occupancy. By letter dated October 28, 1985, the seller canceled the contract.

We find that the purchasers failed to obtain a mortgage commitment by the September 13, 1985, deadline and thus the defendant had a right to unilaterally cancel the contract (see, *Ferlita v Guarneri*, 136 AD2d 680; *Grossman v Perlman*, 132 AD2d 522, 523). The issue of a purported second extension to November 30, 1985, is not properly before this court, as it was not raised in the Supreme Court and was not raised on appeal until the submission of the plaintiffs' reply brief (see, *Matter of Schiavone Constr. Co. v Larocca*, 117 AD2d 440, 444; see also, *Lundin Co. v Board of Educ.*, 68 AD2d 881).

We further find that the defendant, as a matter of law, was obligated to deliver the certificate of occupancy only at the time of closing (see, *Eastern Shopping Centers v Trenholm Motels*, 33 AD2d 930). The record clearly reflects that the plaintiffs authored paragraph 12 of the rider to the contract. Since the plaintiffs failed to include in the paragraph a clause requiring the production of a certificate of occupancy prior to closing, paragraph 12 should be construed against the plaintiffs. In any event, if the defendant was required to deliver the certificate of occupancy on demand, the defendant was entitled to reasonable notice of the demand (see, *Levant Am. Commercial Co. v Wells & Co.*, 186 App Div 497), which, as a matter of law, was not provided here.

Moreover, the defendant did not act in bad faith when she canceled the contract *(cf., McKenna v Case,* 123 AD2d 517). Through successive letters and telephone calls, the defendant evinced her desire to be kept apprised of the plaintiffs' success in securing a mortgage commitment. Moreover, the defendant granted the plaintiffs an extension until September 13, 1985. The record reflects that the plaintiffs failed to communicate with the defendant or her counsel prior to the September 13, 1985, deadline regarding their inability to obtain a mortgage commitment. Kunzeman, J. P., Rubin, Eiber and Miller, JJ., concur.