B&M Zhou, LLC v CA Plaza, LLC (2025 NY Slip Op 02899)

B&M Zhou, LLC v CA Plaza, LLC

2025 NY Slip Op 02899

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2023-00988
 (Index No. 727333/21)

[*1]B & M Zhou, LLC, appellant,
v
CA Plaza, LLC, et al., respondents.

Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, Kew Gardens, NY (Matthew J. Routh of counsel), for appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, New York, NY (Larry H. Lum of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), dated December 9, 2022. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the complaint and dismissing the defendants' counterclaim for specific performance of the contract of sale.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendant CA Plaza, LLC (hereinafter Plaza), is the owner of a condominium unit located in Flushing and is the sponsor of the condominium development of which the unit was a part. On November 8, 2019, the plaintiff and Plaza entered into a contract for the plaintiff's purchase of the unit, with the defendant Chan & Associates, PLLC, acting as escrow agent. By letter dated November 10, 2021, two years after the date of the contract, the plaintiff notified Chan & Associates, PLLC, Plaza's attorney, that it was scheduling a closing for December 3, 2021, with time of the essence, and warned that if Plaza failed to comply, the plaintiff would be entitled to return of its down payment. The defendants did not appear at the scheduled closing. The plaintiff commenced this action to recover damages for breach of contract, to direct the return of its down payment, and for a judgment declaring the contract cancelled.
After issue was joined, the plaintiff moved for summary judgment on the complaint and dismissing the defendants' counterclaim for specific performance of the contract of sale. In an order dated December 9, 2022, the Supreme Court, inter alia, denied the plaintiff's motion. The plaintiff appeals.
Contrary to the defendants' contention, the plaintiff established that it was ready, willing, and able to close as of the time-of-the-essence closing date, since it submitted proof of sufficient funds to complete the purchase.
The mortgage contingency clause was written for the benefit of the plaintiff, who waived it. Mortgage contingency clauses may be written for the benefit of both the purchaser and [*2]seller, if the contract grants the seller the option to cancel the contract in the event that the purchaser does not obtain a mortgage commitment which conforms with the terms of the contract (see Dale Mtge. Bankers Corp. v 877 Stewart Ave. Assoc., 133 AD2d 65; Grossman v Perlman, 132 AD2d 522). Here, the contract provided that the plaintiff purchaser had the right to cancel the contract if it did not get a mortgage commitment, but if the plaintiff failed to notify Plaza of its decision to cancel within the designated time period, the plaintiff was deemed to have waived the right to cancel on that basis and the contract "shall no longer be conditional on Purchaser obtaining a commitment." Since the plaintiff waived the right to cancel the contract, the contract was no longer conditional on the plaintiff obtaining a mortgage commitment.
However, the plaintiff, on its motion for summary judgment, had the burden of establishing that the time-of-the-essence letter provided a reasonable time to close (see Kok Chai Lee v Robertson, 165 AD3d 639). The plaintiff failed to establish its entitlement to judgment as a matter of law on this issue.
What constitutes a reasonable time is generally a question of fact (see Rodrigues NBA, LLC v Allied XV, LLC, 164 AD3d 1388). "What constitutes a reasonable time for performance depends upon the facts and circumstances of the particular case. Included within a court's determination of reasonableness are the nature and object of the contract, the previous conduct of the parties, the presence or absence of good faith, the experience of the parties and the possibility of prejudice or hardship to either one, as well as the specific number of days provided for performance. The determination of reasonableness must by its very nature be determined on a case-by-case basis" (Ben Zev v Merman, 73 NY2d 781, 783 [citations omitted]).
Here, it is apparent from the record that the time-of-the-essence closing date was set before there was even a temporary certificate of occupancy, and there were delays attributable to the COVID-19 pandemic. The plaintiff notes that it waited 24 months after the contract was executed to make time of the essence and that the contract provided that "[i]n the event Seller shall be unable to convey title to the Unit within twenty-four (24) months of the proposed date of delivery through no fault of the Purchaser, the Purchase Agreement shall be deemed null and void." However, the contract provided no anticipated date of delivery.
The parties' remaining contentions are without merit (see Argueta v Hall & Wright, LLC, 230 AD3d 1200, 1201).
BARROS, J.P., FORD, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court